STATE of Minnesota, ex rel. COUNTY OF KANDIYOHI, Petitioners, Respondent,

Patricia M. Jacobsen, as mother and natural guardian of Kaelyn Ann Jacobsen, a minor child, Appellant,

v.

Gary Michael SWANSON, Respondent.

No. C8–85–1139.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Corrine D. Lynch, Michael Q. Lynch, Kandiyohi Co. Attys., Willmar, for State of Minnesota, ex rel. County of Kandiyohi,

J. Scott Braden, Willmar, for Patricia M. Jacobsen, as mother and natural guardian of Kaelyn Ann Jacobsen, a minor child.

Robert J. Zohlman, Willmar, for Gary Michael Swanson.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Mother appeals paternity determination where trial court ordered father to reimburse county for medical assistance but further ordered that when father did reimburse county he would have judgment against mother for one-half of the amount reimbursed. We reverse and remand.

## FACTS

In June 1982, appellant Patricia Jacobsen gave birth to a child. At that time appellant was unmarried and was on AFDC and Medical Assistance. Medical Assistance paid all birth expenses.

A paternity action was brought against respondent who, after submitting to blood tests, admitted that he was the father. Respondent testified about his educational background, occupational skills and income and employment prospects. The ·exact details of his prospects are unimportant, but suffice it to say respondent is not wealthy. Appellant was not present at the hearing, nor was she represented by independent counsel. The only evidence concerning her educational, occupational or employment skills was that she was on AFDC.

A representative from the county family services also testified, recommending that the court enter judgment against respondent in the amount of the entire birth-related expenses. When respondent's attorney cross-examined her, suggesting that the birth-related expenses should be split by the mother and father, the representative stated that when the mother is receiving public assistance the county's policy is to seek judgment for the entire amount against the father.

The court then ordered respondent to pay child support and to reimburse the county for all birth-related hospital and medical expenses. The court also ordered that when respondent paid the entire medical and hospital expenses he would be entitled to judgment against appellant for one-half of the expenses, or $761.64. It is from this portion of the judgment that the mother appeals, claiming that she should not have to reimburse respondent.

## ISSUE

Did the trial court err in granting respondent leave to apply for a judgment against appellant that would reimburse him for one-half of the birth-related medical expenses after respondent pays these expenses?

## ANALYSIS

In a paternity action the court may allocate the birth-related expenses among the father and mother. Minn.Stat. § 257.66, subd. 3 (1984) directs the court to allocate expenses "after consideration of the relevant facts, including the relative financial means of the parents; the earning ability of each parent; and any health insurance policies held by either parent * * *."

Although there was testimony concerning respondent's financial circumstances, there was almost none concerning appellant's income, employability or educational background. Appellant was not present, and the only testimony concerning her finances was that she was on AFDC. This is not sufficient evidence upon which to base a decision. Nor does this evidence actually support the court's determination that appellant must pay because it clearly shows that her financial situation is extremely limited.

Furthermore, appellant was not represented by independent counsel at the paternity proceeding. Minn.Stat. § 257.69, subd. 1 states that

> In all proceedings under sections 257.-71 to 257.74, any party may be represented by counsel. If the public authority charged by law with support of a child is a party, the county attorney shall represent the public authority. If the child receives public assistance and no conflict of interest exists, the county attorney shall also represent the custodial parent. If a conflict of interest exists, the court shall appoint counsel for the custodial parent at no cost to the parent.

In the hearing in this case appellant was represented by the county attorney. It is clear, however, that a conflict of interest existed. Although the county was most interested in having somebody pay the bill, appellant was most interested in not having to pay the bill herself. Counsel did not vigorously argue that appellant was not financially capable of paying part of the expenses, even though she clearly was not. Because of this conflict of interest the trial court should have appointed independent counsel for appellant.

## DECISION

Because appellant was not represented by independent counsel, and because sufficient evidence was not before the court concerning appellant's financial situation, we reverse and remand.

Reversed and remanded.